FILED

2:22cv117-JLB-MRM

Rev. 5/20

2022 FEB 18 PM 1:07

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

# United States District Court
Middle District of Florida
Fort Myers Division

SYLVESTER L. BROWN, TRACY McUN, RICARDO GALLOWAY

*(In the space above enter the full legal name of the plaintiff)*

-against-

PATRICIA MUSSLEWHITE, AND CHAPLAIN YERGER
ALL SUED IN THEIR INDIVIDUAL CAPACITY

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

PROVIDED TO DESOTO C. I.
ON 2-15-22 FOR MAILING
INMATE INITIALS ___
OFFICER INITIALS ___

Case No. 2:22 cv 117-JLB MRM

*(To be filled out by Clerk's Office only)*

# COMPLAINT
*(Pro Se Confined Litigant)*

Jury Demand?
☑ Yes
☐ No

## NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

Rev. 5/20

## I.    COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se confined litigants challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☑    42 U.S.C. § 1983 (state, county, or municipal defendants)

☐    Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II.    PLAINTIFF INFORMATION

BROWN, SYLVESTER L                              NONE
Name (Last, First, MI)                          Aliases

DC# 073818
Identification #

Desoto Correctional Institution / Annex
Place of Detention

13617 S.E. Highway 70
Institutional Address

Arcadia                    Floriba              34266-7800
County, City               State                Zip Code

## III.    STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐    Pretrial detainee
☐    Civilly committed detainee
☐    Immigration detainee
☑    Convicted and sentenced state prisoner
☐    Convicted and sentenced federal prisoner

## II. PLAINTIFF INFORMATION - CONTINUATION

TRACY McLIN                                          NO ALIASES
DC#

DESOTO CORRECTIONAL INSTITUTION / ANNEX
13617 S.E. HIGHWAY 70
ARCADIA, FLORIDA 34266-7800


RICARDO GALLOWAY                                     No ALIASES
DC# 125823
DESOTO CORRECTIONAL INSTITUTION / ANNEX
13617 S.E. HIGHWAY 70
ARCADIA, FLORIDA 34266-7800

Rev. 5/20

## IV.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:    MUSSLEWHITE, PATRICIA
Name (Last, First)

SERGEANT CORRECTIONAL OFFICER
Current Job Title

DESOTO ANNEX, 13617 S.E. HIGHWAY 70
Current Work Address

ARCADIA              FLORIDA          34266-7800
County, City            State            Zip Code


Defendant 2:    YERGER, L
Name (Last, First)

SENIOR CHAPLIN
Current Job Title

DESOTO ANNEX, 13617 S.E. HIGHWAY 70
Current Work Address

ARCADIA              FLORIDA          34266-7800
County, City            State            Zip Code

Rev. 5/20

**Defendant(s) Continued**

Defendant 3: _____

                  Name (Last, First)

                 _____

                 Current Job Title

                 _____

                 Current Work Address

                 _____

                 County, City          State         Zip Code

Defendant 4: _____

                 Name (Last, First)

                 _____

                 Current Job Title

                 _____

                 Current Work Address

                 _____

                 County, City          State         Zip Code

[Additional Defendants Must Be Listed on a Separate Sheet Titled Section IV]

Rev. 5/20

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: <u>DESOTO CORRECTIONAL INSTITUTION / ANNEX</u>

Date(s) of occurrence: <u>AUGUST 2021 — OCT</u>

State which of your federal constitutional or federal statutory rights have been violated:

<u>FIRST AND FOURTEENTH AMENDMENTS UNDER THE RELIGIOUS FREEDOM RESTORATION ACT</u>

*State here briefly the FACTS that support your case. See Fed. R. Civ. P. 8. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you. All facts shall be set forth in separately numbered paragraphs. See Fed. R. Civ. P. 10(b).*

FACTS:

<u>CLAIM ONE:</u> FIRST AMENDMENT VIOLATION UNDER THE RELIGIOUS FREEDOM RESTORATION ACT

<u>PLAINTIFF BROWN FIRST AMENDMENT VIOLATION:</u>

**1.)** Plaintiff Brown is a Hebrew Israelite who practice All beliefs And tenets of the Old Testament of the Holy Bible King James Version (KJV).

**2.)** Brown has faithfully adhere to his beliefs And Faith as a Hebrew Israelite since February / March 2017.

**3.)** On or about September 23, 2021, Brown was called by Defendant Musslewhite to pick up his property, A white religious Diadem that was approved by the Defendant Yerger.

**4.)** Defendant Musslewhite refused to give Brown his religious Diadem stating, "You can't have this on this Compound, I'm sending it to the Chapel."

**5.)** Defendant Musslewhite further stated, "the hat may Also be used to hide Contraband.

What happened to you?

7.) On or about October 18, 2021, Brown went to the chapel and spoked with Defendant Yerger Inquiring about his religious diadem.

8) Defendant Yerger informed Brown that he cannot have his diadem and cannot wear it unless there is a Hebrew Israelite Volunteer presence.

9.) Defendant Yerger further stated that the Diadem is nothing but a shower cap.

10.) The Department of Corrections Now sells "Beenies" (Skull caps) to all inmates and are equivalent to the size of a diadem that is allowed to be wore anytime and anyplace.

11) Defendants Musslewhite and Yerger has placed a Substantial burden on Brown by denying him to possess and wear his religious diadem.

## PLAINTIFF McLIN FIRST AMENDMENT VIOLATION!

12) Plaintiff McLin is a Hebrew Israelite and practice the tenets and beliefs set out in the Old Testament as well as the teachings of Yahweh Ben Yahweh.

13.) Plaintiff McLin has faithfully been a follower of the Nation of Yahweh As a Hebrew Israelite since June 1996.

14.) On or about July 2021, McLin recieved A religious Diadem through the property room supervised by Defendant Musslewhite.

15) Defendant Musslewhite refused to give McLin his religious Diadem stating, "You cannot have this on the Compound.

16) On or about October 18, 2021, McLin was informed by the Defendant Yerger that he was in possession of the

[Additional Facts Must Be Set Forth in an Attachment Titled Section V]

Who did what?

Rev. 5/20

Diadem and he cannot possess it unless there is a volunteer to attend your services and it may be used to hide contraband.

17) McLin then asked " why he cannot have the diadem to wear in his cell especially during his prayers. "?

18) Defendant Yeager responded. " Did you not understand you can't have it. Its a security issue.

19) Defendants Musslewhite and Yerger has placed a substantial burden on McLin by denying him to possess and wear his religious diadem.

[Was anyone else involved?]

## PLAINTIFF GALLOWAY FIRST AMENDMENT VIOLATION:

20) Plaintiff Galloway is a Hebrew Israelite who practice the beliefs, laws, judgments, statutes, and commandments set out in the Old Testament of the Holy Bible King James Version. (KJV).

21) Galloway has faithfully adhered to his beliefs as a Hebrew Israelite since January 2018.

22) On September 24, 2021, Galloway was recieved at Desoto Annex.

23) Upon inventory of Galloway's property Defendant Musslewhite took two (2) religious diadems from Galloway and informed him that they will be sent to the chapel because they are contraband on this compound.

24) Defendant Yerger after Galloway inquired to have his diadems stated to Galloway that he cannot have the diadems because they are contraband on this compound.

25) Defendants Musslewhite and Yerger has placed a substantial burden on Galloway's rights to his freedom of religion by denying him to possess and pray with his diadem.

V. STATEMENT OF CLAIM - CONTINUATION
CLAIM TWO: DENIAL OF EQUAL PROTECTION OF THE LAW
IN RELIGION DISCRIMINATION

26) The Defendants Musslewhite and Yerger have denied the Plaintiffs Brown, McLin, and Galloway their rights to equal protection of the law by denying them to possess their diadems based on a security issue at Desoto Annex.

27) Plaintiff Brown while assigned at Okeechobee Correctional Institution from February 2017-January 2020; Martin Correctional Institution from January 2020 to February and Charlotte Correctional Institution from February 2020 to September 2020 was allowed to personal possess his religious diadem as well as wearing his diadem to Hebrew Israelite Services.

28) Defendant Musslewhite and Yerger's actions are inconsistent.

29) Plaintiff McLin while assigned at Florida State Prison was a Hebrew Israelite. While at Gulf Correctional Institution from 1998 to 2001; Hamilton Correctional Institution from 2001 to 2003; Okaloosa Correctional Institution from 2003 to 2006; Belle Glades C.I. 2006 to 2010; Martin C.I. from 2013 to 2014; Dade C.I. 2014-2015; Hardee C.I. from 2015 to 2019 was allowed to personally possess his diadem and wear it accordingly.

30) Plaintiff Galloway while assigned at New River

## V. STATEMENT OF CLAIM - Continuation

C.I. from 2018 to 2021 was allowed to personally possess his religious diadem and wear it on the compound as well as in religious Hebrew Israelite Services.

31) Defendants Musslewhite and Yerger's actions in failing to allow the Plaintiffs Brown, McLin, and Galloway to possess and wear their diadems is inconsistent with the decisions of other Florida institutions.

32) Defendants Musslewhite and Yerger's Actions that the diadems are a security risk is discriminatory especially since the Department now allows inmates to wear "beenies".

Plaintiff by reference incorporates and realleges the facts in paragraphs 1 thru 32

33) The actions of Defendants Musslewhite and Yerger in the taken of Plaintiffs Brown, McLin and Galloway's religious diadems constitutes a violation of Brown, McLin, and Galloway's First Amendment rights under the Religious Freedom Restoration Act.

34) The actions of Defendants Musslewhite and Yerger in the taken of Plaintiffs religious diadems for security reasons constitutes a violation of Brown

## V. STATEMENT OF CLAIM - CONSTITUTION

McLin and Galloway's First and Amendment under the Religious Freedom Restoration Act

35) Defendant Musselwhite and Yerger's Action in the taken of Brown, McLin, and Galloway's religious diadems based on Security reasons constitutes a violation under the First and Fourteenth Amendments to the United States Constitution

5.

VII. Relief

A. Issue a Declaratory Judgment Stating:

1. Defendants Musslewhite and Yeager Actions in taken the Plaintiff Brown's Religious Diadem as a Hebrew Israelite violated Plaintiffs rights under the First and Fourteenth Amendments to the United States Constitution.

2. Defendants Musslewhite and Yeager Actions in taken the Plaintiff McLin's Religious Diadem as a Hebrew Israelite violated Plaintiffs rights under the First and Fourteenth Amendment to the United States Constitution.

3. Defendants Musslewhite and Yeager Actions in taken the Plaintiff Galloway's Religious Diadems as a Hebrew Israelite violated Plaintiffs rights under the First and Fourteenth Amendments to the United States Constitution.

4. Defendants Musslewhite and Yeager Actions in taken the Plaintiffs Brown, McLin and Galloway's Religious Diadem due to a Security issue Constitutes Religion Discrimination in violation of the Plaintiffs rights under the First and Fourteenth Amendments to the United States Constitution.

Rev. 5/20

## VI.    ADMINISTRATIVE PROCEDURES

*WARNING:* **Prisoners** *must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

## VII.    RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

A. Issue a Declaratory Judgment stating:
    1. Defendants Musslewhite And Yerger Actions in the taken of Plaintiffs Brown, McLin, and Galloway's Religious Diadems have placed a substantial burden on their religion As A Hebrew Israelite violated the Plaintiffs' rights under the First Amendment to the United States Constitutions
    2. Defendants Musslewhite And Yerger Actions in taken the Plaintiff' Brown, McLin And Galloway's Religious Diadem due to A security Issue Constitutes Religion Discrimination in violation of the Plaintiffs' rights under the First And Fourteenth Amendments to the United States Constitution
    B. Issue an Injunction Against the Defendants stating:
    1. The Plaintiffs may be Allow to possess And wear their religious diadems As other religious groups Are Allowed to wear their religious headgears as well As other Inmates Are Allowed to Wear their "Beenies"

## VII. RELIEF - CONTINUATION PAGE

C. Plaintiffs to be Awarded damages in the following:

   1. Defendants Musslewhite And Yerger to Award the Plaintiffs Jointly $1.00 in Nominal damages.

D. Plaintiffs to be awarded damages in the following:

   1. Plaintiff Brown to be Awarded $750.00 in punitive damages each Against Defendants Musslewhite and Yerger.

   2. Plaintiff McLin to be Awarded $750.00 in punitive damages each against Defendants Musslewhite And Yerger.

   3. Plaintiff Galloway to be Awarded $750.00 in punitive damages each against Defendants Musslewhite And Yerger.

E. Award Plaintiffs Court Cost And Fees imputed in this Action.

F. Grant such other relief As it May appear that the Plaintiffs May be entitled.

Rev. 5/20

## VIII.   LITIGANT'S LITIGATION HISTORY

*The "three strikes rule" bars a **prisoner** from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g)*

### *ALL LITIGANTS MUST ANSWER:.*

Have you to date brought any other lawsuits in state or federal court while a confined?                    ☑ Yes    ☐ No

If yes, how many?   __FOURTEEN (14)__

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

1. SYLVESTER BROWN v. JOSEPHUS JOHNSON :

A. COURT : UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF MIAMI

B. CASE No. : 1:97 CV 321

C. NATURE OF CLAIM : FOURTH AMENDMENT CLAIM RIGHT OF PRIVACY

D. PLAINTIFF VOLUNTARY DISMISSAL

2) SYLVESTER L. BROWN v. JOE BUTLER

A. COURT : UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF MIAMI.

B. CASE No. : 1:98 CV 462

C. NATURE OF CLAIM : FIRST AMENDMENT DENIAL OF ACCESS TO THE COURTS

D. DISMISSAL FAILED TO STATE A CLAIM

## CONTINUATION PREVIOUS FILED LAWSUITS

3.) SYLVESTER BROWN V. SERGEANT DONATE AND SERGEANT WRIGHT

A. COURT: UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF MIAMI

B. CASE No.: 1:05CV20289

C. NATURE OF CLAIMS: FIRST AMENDMENT RETALIATION; EIGHT AMENDMENT CONDITIONS OF
CONFINEMENT

D. DISMISSAL OUT OF COURT SETTLEMENT


4.) SYLVESTER BROWN V. UNKNOWN, DR. ROGER BROWNE

A. COURT: UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF MIAMI

B. CASE No.: 06-2005 CV GRAHAM/WHITE

C. NATURE OF CLAIM: EIGHTH AMENDMENT DENIAL OF SERIOUS MEDICAL CARE

D. DISMISSAL OUT OF COURT SETTLEMENT


5.) SYLVESTER BROWN V. RUTH MACHE, JAMES HARDEE

A. COURT: UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF JACKSONVILLE

B. CASE No.: 3:06CV00007-VMC-MCR

C. NATURE OF CLAIMS: RETALIATION AND DENIAL OF SERIOUS MEDICAL CARE

D. DISMISSAL- ELEVENTH CIRCUIT COURT OF APPEAL AFFIRMED DISTRICT COURT GRANTING
   DEFENDANTS SUMMARY JUDGMENT, CASE No.: 07-10034-EE


6.) SYLVESTER L. BROWN V. YU AND OWENS

A. COURT: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF PENSACOLA

B. CASE No.: 3:08CV2891MCR/EMT

C. NATURE OF CLAIMS: RETALIATION AND DENIAL OF SERIOUS MEDICAL CARE

## Continuation Previous Filed Lawsuits

D. Plaintiff's Voluntary Dismissal

7.) Sylvester L. Brown v. B.A. Kent; G.A. Scarbrough
A. Court: United States District Court, Northern District Pensacola
B. Case No.: 3:09 cv 88/ws/ma
C. Nature of Claims: Retaliation
D. Defendant G.A. Scarbrough Summary Judgment Granted; Case Settled Out
   In Defendant's Kent Favor

8.) Sylvester Brown v. Albert Yu
A. Court: First Judicial Circuit Court, Escamaia County, Florida
B. Case No.: 08-CA-976
C. Nature of Claim: Tort Ordinary Negligence
D. Plaintiff Voluntary Dismissal

9.) Sylvester Brown v. Teresa Gradia
A. Court: First Judicial Circuit Court, Escamaia County, Florida
B. Case No.: 08-CA-2493
C. Nature of Claim: Tort Ordinary Negligence
D. Disposition: Unknown

10.) Sylvester L. Brown v. B.A. Kent
A. Court: First Judicial Circuit Court, Escambia County, Florida
B. Case No.: 08-CA-2485

## CONTINUATION PREVIOUS FILED LAWSUITS

C. NATURE OF CLAIM: TORT SIMPLE NEGLIGENCE

D. DISPOSITION: UNKNOWN


11.) SYLVESTER BROWN V. UNKNOWN

A. COURT: UNKNOWN

B. CASE No.: 3:2005 CV 1816

C. NATURE OF CLAIM: PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

D. DISPOSITION - UNKNOWN


12.) SYLVESTER BROWN V. STATE OF FLORIDA

A. COURT: UNKNOWN

B. CASE No.: 1:2005 CV 20953

C. NATURE OF CLAIM: SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS

D. DISPOSITION: UNKNOWN


13.) SYLVESTER BROWN V. STATE OF FLORIDA

A. COURT: UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT MIAMI

B. CASE No.: 0:2005 CV 60113

C. NATURE OF CLAIM: PETITION FOR WRIT OF HABEAS CORPUS

D. DISPOSITION: UNKNOWN


14.) SYLVESTER BROWN V. STATE OF FLORIDA

A. COURT: UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT MIAMI

B. CASE No.: 0:1998 CV 06235

## CONTINUATION PREVIOUS FILED LAWSUITS

C. NATURE OF CLAIM: PETITION FOR WRIT OF HABEAS CORPUS

D. DISPOSITION: DENIED


15.) Sylvester Brown v. Patricia Munlewhite

A. 12th Judicial Circuit Court, Desoto County, Florida

B. Case No. 21CC313

C. NATURE OF CLAIM: TORT COMPLAINT

D. Disposition: Pending

VIII. LITIGANTS LITIGATION HISTORY

Plaintiff McLin have not brought any other lawsuits in state or federal court while confined.

Plaintiff Galloway have not brought any other lawsuits in state or federal court while confined.

Rev. 5/20

## IX.  PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  **I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

February 15, 2022
Dated                                                    Plaintiff's Signature

Sylvester Brown, L
Printed Name (Last, First, MI)

# OJ3818
Identification #

Desoto Annex          Arcadia, Florida 34266
Institutional Name          City          State      Zip Code